United States Court of Appeals,

Eleventh Circuit.

No. 94-3513

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Tricia Lin BECKLEY, Defendant-Appellant.

Oct. 16, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-82-CR-J-20), Harvey E. Schlesinger, District Judge.

Before TJOFLAT, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

This case involves "equity skimming." Appellant purchased single family residences for a nominal price from financially distressed homeowners whose mortgage loans were guaranteed by the United States Department of Veterans Affairs. Appellant induced these homeowners to sell by representing that she would rent their residences and then sell them; by accepting her proposal, the homeowners would be better off than they would were the mortgages on their residences foreclosed. Appellant represented that the rent, which would be shared between appellant and the homeowners (90% going to appellant; 10% to them), would more than cover the mortgage payments, and the sale would net them a profit. After acquiring these properties, however, appellant pocketed the portion of the rent that was to pay the mortgage; eventually, the mortgages were foreclosed.

For engaging in this activity, appellant was indicted and

convicted by a jury for equity skimming, in violation of 12 U.S.C. § 1709-2, and mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343. She moved the district court for a new trial on the ground that the evidence was insufficient to establish an intent on her part to defraud. The court denied her motion. Appellant now appeals her convictions, contending that the district court abused its discretion in denying her motion for a new trial. She also appeals the restitution order the court imposed at sentencing.

We find no abuse of discretion in the district court's rejection of appellant's motion for a new trial and thus affirm her convictions. Appellant presents only one issue, which is a matter of first impression in this circuit, that is worthy of discussion: whether, with respect to the equity skimming charge, the Government was required to establish—as an element of the offense—that appellant intended to defraud the *United States.*

Section 1709-2 of Title 12 of the United States Code reads as follows:

> Whoever, with intent to defraud, willfully engages in a pattern or practice of—
>
> (1) purchasing one- to four-family dwellings ... which are subject to a loan in default at time of purchase or in default within one year subsequent to the purchase and the loan is secured by a mortgage or deed of trust insured or held by the Secretary of Housing and Urban Development or guaranteed by the Department of Veterans Affairs, or the loan is made by the Department of Veterans Affairs,
>
> ....
>
> shall be fined not more than $250,000 or imprisoned not more than 5 years, or both.

Two courts of appeals—the Fifth and the Ninth circuits—have

addressed this issue; both have concluded that proof of intent to defraud the United States is unnecessary. The Ninth Circuit reached this conclusion first, in *United States v. Laykin,* 886 F.2d 1534, 1538-39 (9th Cir.1989) ("[T]he language of 12 U.S.C. 1709-2 does not require that a defendant know (or should know) that properties are insured by the FHA or VA; nor does it require that he act with the intent to defraud those federal insurers.") The Fifth Circuit, in holding that intent to defraud is not an element of the offense, simply followed *Laykin* 's rationale. We do likewise.

AFFIRMED.[1]

---

[1]Appellant's challenge to the district court's restitution order is patently frivolous; hence, we affirm the order.